UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIFFANY GALLER,

               Plaintiff,                          Case No. _____

                                                Okaloosa County Circuit Court
vs.                                        Case No.  2014-CA-0969

21ST MORTGAGE CORPORATION
and YES HOUSING, INC.,

               Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

       Defendants, **21st Mortgage Corporation, a Delaware corporation authorized to transact business in Florida** ("21st Mortgage") and **Yes Housing, Inc.** ("Yes Housing"), hereby submit this Notice of Removal of the above-styled action from the State of Florida, Okaloosa County Circuit Court, to the United States District Court for the Northern District of Florida, Pensacola Division.  By this petition, Defendants give notice of the removal of this action.  This notice of and petition for removal is made pursuant to 28 U.S.C. §§ 1332 and 1441, and is proper and appropriate based upon the following:

       1.      On or about March 12, 2014, Plaintiff filed her Complaint in Okaloosa County Circuit Court, Case No. 2014-CA-969, and styled <u>Tiffany Galler v. 21st Mortgage Corporation and Yes Housing, Inc</u>.  <u>See</u> State Court Record attached hereto as Exhibit A.  Defendants were served with Plaintiff's complaint on or about March 21, 2014.  <u>Id</u>.  The undersigned counsel represents both Defendants, each of whom consent to this removal.

2.     Plaintiff's Complaint arises out of Defendant 21st Mortgage Corporation's repossession of a mobile home unit from Plaintiff on or about January 22, 2014 in Okaloosa County, Florida.  In response to the repossession, Plaintiff filed a three-count Complaint against Defendant 21st Mortgage Corporation alleging that it (1) engaged in civil theft by repossessing the mobile home unit [Count I], (2) breached its contract with Plaintiff by improperly repossessing the mobile home units without allowing Plaintiff to cure her default [Count II], and (3) unjustly enriched itself by repossessing the mobile home units [Count III].

3.     Plaintiff has also named Yes Housing as a defendant in this action and alleged that Yes Housing also engaged in (1) civil theft [Count I] and (2) was unjustly enriched by the repossession [Count III].  Plaintiff does not assert her breach of contract claim [Count II] against Yes Housing.  Unlike her allegations against 21st Mortgage Corporation, Plaintiff does not allege the existence of any contractual agreement between her and Yes Housing.  See Complaint at ¶ 6. Moreover, Plaintiff alleges in her Complaint that Defendant 21st Mortgage Corporation repossessed the mobile home and personal property, not Yes Housing.  See Complaint  at ¶ 12. In fact, Plaintiff makes no factual allegations whatsoever about Yes Housing other than alleging she sent a civil theft demand letter to Yes Housing on or about February 12, 2014.  See Complaint at ¶ 14.

4.     Yes Housing is not a proper party to this suit and has been fraudulently joined.  It is well established that fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds.  Allen v. Monsanto Company, 2009 WL 426546 at *2, Case No. 3:08-cv-320/MCR (N.D. Fla. 2009)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against a non-diverse defendant under state law.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
215  SOUTH MONROE STREET, SUITE 600,  TALLAHASSEE, FLORIDA 32301 ♦ TEL:(850) 412-1042

Coker v. Amoco Oil Company, 709 F.2d 1433, 1440 (11th Cir. 1983).  Alternatively, if it can be shown that a resident defendant is not a proper party from the allegations contained in the pleadings, the action is removable.  Id.

5.      Plaintiff has no cause of action against Yes Housing because Yes Housing did not repossess the mobile home unit and, therefore, did not engage in the actions alleged by Plaintiff to constitute "theft."  Additionally, no benefit was conferred by Plaintiff on Yes Housing because the mobile home unit was delivered by 21st Mortgage Corporation to Yes Housing for consignment resale.  Proof for these material facts are provided by the affidavits of the corporate representatives for Yes Housing and 21st Mortgage Corporation attached to Yes Housing's Notice of Filing Evidence in Support of Motion for Summary Judgment contained in Exhibit A attached hereto.  Plaintiff also admits that Yes Housing did not perform the repossession in paragraph 12 of her Complaint.

## A. *Galler's Claim for Civil Theft is Barred Under Florida Law by the Economic Loss Rule*

6.      Galler has asserted civil theft claim against Yes Housing and 21st Mortgage as well as a breach of contract claim against 21st Mortgage for the repossession of her mobile home unit by 21st Mortgage.  Florida law is clear that the economic loss rule eliminates the ability to sue both in tort and in contract unless the cause of action for tort is distinguishable from, or independent of, the breach of contract.  *HTP, LTD v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1997).  Longstanding case law has clearly established that the economic loss rule applies to claims of civil theft arising out of a contractual relationship.  *Burke v. Napieracz*, 674 So. 2d 756, 758 (Fla. 1st DCA 1996); *Fla. Desk, Inc. v. Mitchell Internat'l, Inc.*, 817 So. 2d 1059, 1061 (Fla. 5th DCA2002); *Alex Hofrichter, P.A. v. Zukerman & Venditti, P.A.*, 710 So. 2d 127, 129 (Fla. 3d DCA 1998)(citing *HTP, LTD v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d

3

1238, 1239 (Fla. 1997)).  Furthermore, when the same property is at issue for a civil theft claim as a breach of contract claim, the civil theft claim requires additional allegations and proof of "an intricate sophisticated scheme of deceit and theft."  *American Vintage Gun and Pawn, Inc. v. Hogan Manufacturing, LLC*, Case No.: 12-cv-25-T-24-MAP, 2012 WL 2366690 at *7 (M.D. Fla. 2012); *Gersh v. Cofman*, 769 So. 2d 407, 409 (Fla. 4th DCA 2000).  Therefore, because Galler's claim for civil theft arises out of exactly the same facts that give rise to her breach of contract claim, the claims are indistinguishable and the economic loss rule bars Galler's civil theft claim.  Moreover,

7.      In her Complaint Galler makes no factual allegations regarding Yes Housing other than providing Yes Housing with a civil theft demand letter in February 2014.  <u>See</u> <u>Complaint</u> at ¶ 14.  In fact, Galler alleges that someone other than Yes Housing actually performed the repossession, and makes no factual allegations whatsoever indicating Yes Housing's involvement with the repossession.  <u>See</u> <u>Complaint</u> at ¶ 12.  Therefore, Galler has failed to state a cause of action against Yes Housing for civil theft because the Complaint alleges that someone else conducted the repossession, not Yes Housing.  Additionally, there are no allegations indicating that Galler's civil theft claim is factually distinguishable or independent of her breach of contract action.  Florida law is clear: a party cannot plead civil theft and breach of contract as alternative theories of recovery for the same actions.  *Burke*, 674 So. 2d at 758.  The economic loss rule limits Galler to only a breach of contract claim where she does not (and cannot) allege factual circumstances establishing civil theft that are independent of the actions giving rise to her breach of contract claim.

8.      Moreover, Galler cannot establish facts to support any civil theft claim for the repossession against Yes Housing because Yes Housing did not perform the repossession.  <u>See</u>

Affidavits of Michelle Boswell at ¶ 3; Affidavit of Pamela Shaw at ¶ 3.  In summary, the factual allegations of Galler's Complaint contradict her claim of civil theft against Yes Housing, Galler fails to allege any set of factual circumstances which allows her to maintain a cause of action for civil theft against Yes Housing, and Galler cannot establish the facts necessary to support a claim of civil theft against Yes Housing.  Therefore, Yes Housing is entitled to a judgment in its favor on Galler's civil theft claim under Florida law.

### B.  Galler's Fails to State a Cause of Action Under Florida Law for Unjust Enrichment Because She Did Not Confer a Direct Benefit on Yes Housing.

9.      The elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a direct benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *Extraordinary Title Service, LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009); *American Safety Ins. Serv. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007). Damages under unjust enrichment cannot be awarded upon the singular determination that the requesting party is deserving.  *Griggs*, 595 So. 2d at 331 (citing *May v. Sessums & Mason, P.A.*, 700 So. 2d 22, 28 (Fla. 2d DCA 1997).  Therefore, a plaintiff must show that they <u>directly conferred</u> a benefit on the defendant.  *Id*.  A plaintiff may not dodge this constraint by appealing to the court's powers in equity because an action for unjust enrichment is an action at law, not in equity.  *Id* (citing *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1060 & n. 2 (Fla. 4th DCA 2006).

10.     The case *Extraordinary Title Service, LLC v. Fla. Power & Light Co.* cited above is illustrative of the requirement that a plaintiff confer a direct benefit before they are allowed to seek damages under unjust enrichment.  In *Extraordinary Title*, the plaintiff sued Florida Power & Light Company ("FPL") and FPL's parent company, FPL Group, Inc. ("Group").  In their

5

complaint, plaintiffs asserted that Group had been unjustly enriched because "FPL bills and collects monies from its customers for federal corporate taxes it expects to pay to the [U.S.] government." *Extraordinary Title*, 1 So. 3d at 401. Because FPL is included in Group's consolidated federal tax returns along with Group's other subsidiaries, FPL's profits were offset by the losses of Group's unprofitable subsidiaries, and therefore, the monies collected by FPL for federal corporate taxes were either not paid to the federal government or partially paid and then subsequently refunded to Group by the federal government. *Id*. Additionally, the plaintiffs contracted with FPL, not Group, for electricity; Plaintiff paid FPL, not Group, for the electricity; and Group provided no service to the plaintiffs. *Id* at 404. Based on these facts, the District Court found that the plaintiffs could not allege or establish that they conferred a direct benefit on Group. *Id*. Therefore, the claim of unjust enrichment was properly dismissed with prejudice by the trial court. *Id*.

11.     In the present case, Galler fails to allege (and cannot establish) facts indicating that she conferred a direct benefit on Yes Housing. As mentioned above, the only factual allegation pertaining to Yes Housing in the entire complaint is that Galler provided a civil theft demand letter in February 2014. See Complaint at ¶ 14. Additionally, Galler alleges that she contracted with 21st Mortgage Corporation, not Yes Housing, for the financing of the mobile home unit; and, that 21st Mortgage Corporation, not Yes Housing, repossessed the mobile home unit. *Id* at ¶¶ 6 and 12. Galler has therefore failed to state a cause of action for unjust enrichment because she has not alleged any facts that could support her claim.

12.     Yes Housing is also entitled to a judgment as a matter of law on Galler's claim because she did not directly confer any benefit on Yes Housing. As stated in Galler's Complaint, 21st Mortgage Corporation performed the repossession. See Complaint at ¶ 12. After the

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
215 SOUTH MONROE STREET, SUITE 600, TALLAHASSEE, FLORIDA 32301 ◆ TEL:(850) 412-1042

repossession, 21st Mortgage Corporation delivered the mobile home unit to Yes Housing to resale the unit on consignment at Yes Housing's sales facility in Milton, Florida.  <u>See</u>  Affidavit of Michelle Boswell at ¶¶ 2 and 4; Affidavit of Pamela Shaw at ¶¶ 2 and 4.  Galler played no part in 21st Mortgage Corporation's decision to deliver the repossessed mobile home unit to Yes Housing for resale.  It is undisputed that 21st Mortgage Corporation repossessed Galler's mobile home unit and then made an independent decision to deliver the unit to Yes Housing for resale in Milton, Florida.  As the *Extraordinary Title* case shows above, these facts fail to establish a direct benefit conferred by Galler on Yes Housing.  Therefore, Yes Housing is entitled to a judgment in its favor on Galler's unjust enrichment under Florida law.

13.      Additionally, Plaintiff fails state a claim upon which relief can be granted against Yes Housing thereby warranting dismissal under <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>Pro</u>. 12(b)(6).

14.      In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "must accept the allegations set forth in the complaint as true." <u>Lotierzo v. A Woman's World Med. Ctr.</u>, 278 F. 3d 1180, 1182 (11th Cir. 2002); <u>see also</u>, <u>Olmstead v. Defosset</u>, 205 F. Supp. 2d 1316, 1319 (M.D. Fla. 2002)(citing <u>Scheuer v. Rhodes</u>, 415 U.S. 232, 236 (1974)),  Additionally, all reasonable inferences are to be drawn in favor of the plaintiff.  <u>Omar ex. Rel. Cannon v. Lindsey</u>, 334 F. 3d 1246, 1247 (11th Cir. 2003).  Notwithstanding the standard to be applied in adjudicating a motion to dismiss, the plaintiff "must still meet some minimal pleading requirement." <u>Rumler v. Dept. of Corr.</u>, 546 F. Supp. 2d 1334, 1338 (M.D. Fla. 2008)(citing <u>Jackson v. Bellsouth Telecoms.</u>, 372 F. 3d 1250, 1262-63 (11th Cir. 2004)).  Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555(2007).  Further, to survive a dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Id</u> at 570.

7

Moreover, a district court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions or mere legal conclusions asserted by a party. <u>Ellen S. v. Florida Bd. of Bar Exam'rs</u>, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994).  Nor may a plaintiff "merely 'label' claims to survive a motion to dismiss." <u>Olmstead</u>, 205 F. Supp. 2d at 1319 (citing <u>Blumel v. Mylander</u>, 919 F. Supp. 423, 425 (M.D. Fla. 1996).  Finally, "[w]hen, on the basis of a dispositive issues of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate.  <u>Id</u> (citing <u>Executive 100, Inc. v. Martin County</u>, 922 F. 2d 1536, 1538 (11th Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 810 (1991).

15.    In this case, Plaintiff's Complaint falls woefully short of this standard in several important respects, as follows:

a.  With respect to Plaintiff's civil theft claim against Yes Housing, the Complaint alleges in conclusory fashion, that Yes Housing "knowingly and with felonious intent obtain[ed] possession of Plaintiff's property with the intention of permanently depriving Plaintiff of the use and benefit of the property." <u>See</u> <u>Complaint</u> at ¶ 17.  However, in the Complaint's "Statement of Facts," Plaintiff alleges that 21st Mortgage "wrongfully and illegally removed the mobile home and Plaintiff's personal property." <u>See</u> <u>Complaint</u> at ¶ 12.  Plaintiff's claim of civil theft against Yes Housing is internally inconsistent with its factual claim that 21st Mortgage performed the repossession of the mobile home.  Therefore, Plaintiff's claim against Yes Housing for civil theft is not plausible given the facts alleged in the Complaint.

b.  With respect to Plaintiff's unjust enrichment claim against Yes Housing, the Complaint alleged in conclusory fashion, that Plaintiff "conferred a benefit…namely a mobile home unit belonging to Plaintiff." <u>See</u> <u>Complaint</u> at ¶ 28.  However, Plaintiff fails to

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
215 SOUTH MONROE STREET, SUITE 600, TALLAHASSEE, FLORIDA 32301 ♦ TEL:(850) 412-1042

make any allegations of ultimate fact that she has conferred anything on Yes Housing other than this lawsuit.  As mentioned above, Plaintiff makes no factual allegations at all about Yes Housing except for her statement that she mailed a demand letter to Yes Housing in February 2014.  When making factual allegations about the repossession of the mobile home unit, Plaintiff does not allege that Yes Housing conducted or participated in any way with the repossession. Therefore, Plaintiff's claim against Yes Housing for unjust enrichment is not plausible given the facts alleged in the Complaint.

16.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United State for the district and division embracing the place where such action is pending."  The Circuit Court of Okaloosa County, Florida is located within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

17.     This Court has jurisdiction over the action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy.  Title 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant…to the district court of the United States for the district embracing the place where such action is pending."  Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between…citizens of different states."  28 U.S.C. § 1332(a).  When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider by a preponderance of the evidence whether it is "more likely than not" that the amount in

9

controversy exceeds the jurisdictional.  <u>Roe v. Michelin North America, Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010).  In some cases, it may be "facially apparent" from the Complaint itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages.  <u>Id</u>.  Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.  <u>Roe</u>, 613 F. 3d at 1061-62.  In other cases the removing defendants may submit additional evidence to demonstrate that removal is proper.  <u>Roe</u>, 613 F.3d at 1061.

18.     Plaintiff alleges in Count I of her complaint that she is entitled to recover damages from the Defendant in the amount of $90,000.00 plus reasonably attorney's fees and court costs.  Plaintiff's Complaint also asserts two additional counts against Defendants seeking money damages.  It is facially apparent from the Complaint that the amount in controversy in this case exceeds the jurisdictional threshold.

19.     This Notice of Removal has been filed within thirty (30) days of the date when the action become removable as required by 28 U.S.C. § 1446(b).  This Notice of Removal is further consistent with 28 U.S.C. § 1446(b) in that it has been filed within one year after the commencement date of this action.

20.     Venue is property in this Court pursuant to 28 U.S.C. § 1446(a) because the United State District Court for the Northern District of Florida, Pensacola Division, is the Federal Judicial District and division embracing the Circuit Court of Okaloosa County, Florida, where the State Court Action was originally filed.

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit A.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
215 SOUTH MONROE STREET, SUITE 600, TALLAHASSEE, FLORIDA 32301 ◆ TEL:(850) 412-1042

22.    Pursuant to 28 U.S.C.  1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Okaloosa County, Florida.

23.    Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted this 9th day of April, 2014.


**QUINTARIOS, PRIETO, WOOD & BOYER, P.A**.


By: /s/GEORGE S. REYNOLDS, IV
SONYA K. DAWS, ESQ (FBN 0468134)
GEORGE S. REYNOLDS, IV, ESQ. (FBN 056895)
215 South Monroe Street, Suite 600
Tallahassee, FL 32301
Telephone: (850) 412-1042
Facsimile:  (850) 412-1043
sdaws@qpwblaw.com
greynolds@qpwblaw.com
*Attorneys for Defendants, 21st Mortgage*
*and Yes Housing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished this 9th day of April, 2014 via First Class and electronic mail to:

Nathan D. Boyles
Brian Corlew
Nathan D. Boyles, P.A.
204 North Main Street
Crestview, FL 32536
Nathan@crestview-law.com
Brian@crestview-law.com

/s/GEORGE S. REYNOLDS, IV
Attorney

11

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
215  SOUTH MONROE STREET, SUITE 600,  TALLAHASSEE, FLORIDA 32301 ♦ TEL:(850) 412-1042